Alarcon v. Bondi

BIA
Sponzo, IJ
A209 134 125/126/127

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of February, two thousand twenty-six.

PRESENT:
> SUSAN L. CARNEY,
> MICHAEL H. PARK,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

JACKELINE CAROL ALARCON, L.E.B., M.J.B.,*
> *Petitioners,*

v.

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

25-713
NAC

_____

_____

* The Clerk of Court is hereby directed to amend the case caption accordingly.

**FOR PETITIONERS:**          Joshua Bardavid, Esq., New York, NY.

**FOR RESPONDENT:**          Brett A. Shumate, Assistant Attorney General; Zoe J. Heller, Senior Litigation Counsel; Erik R. Quick, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Jackeline Carol Alarcon and her minor children, natives and citizens of Guatemala, seek review of a February 26, 2025, decision of the BIA affirming a March 11, 2020, decision of an Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Alarcon, et al.*, Nos. A 209 134 125/126/127 (B.I.A. Feb. 26, 2025), *aff'g* Nos. A 209 134 125/126/127 (Immig. Ct. N.Y. City Mar. 11, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented and modified by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005); *Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). "We review *de novo* questions

2

of law and the application of law to fact," and "[w]e review the agency's factual findings . . . under the substantial evidence standard." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

An applicant for asylum and withholding of removal has the burden to establish past persecution or a fear of future persecution, and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b). "To qualify as persecution the conduct at issue must be attributable to the government, whether directly because engaged in by government officials, or indirectly because engaged in by private persons whom the government is unable or unwilling to control." *Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020) (quotation marks omitted). "Under the unwilling-or-unable standard, a finding of persecution ordinarily requires a determination that government authorities, if they did not actually perpetrate or incite the persecution, condoned it or at least demonstrated a complete helplessness to protect the victims." *Singh v. Garland*,

3

11 F.4th 106, 114–15 (2d Cir. 2021) (quotation marks omitted).

Substantial evidence supports the agency's finding that Alarcon failed to show that Guatemalan authorities would be unable or unwilling to protect her from violence by her former partner. The record indicates that police arrested and imprisoned her partner in response to her report. She argues that this action was isolated and ineffectual, but the record suggests that the sentence was not unreasonably short and that her former partner did not continue to abuse her after the arrest. Alarcon did not testify before the IJ, and her application and affidavit do not allege that the police failed to respond to prior requests for help or that her former partner violated an order of protection. Those facts were alleged only in a brief filed by counsel, which is not itself evidence. *See Flores v. Bondi*, 152 F.4th 73, 81 (2d Cir. 2025) ("[A]n attorney's unsworn statements in a brief are not evidence." (quotation marks omitted)). And though her former partner returned to live in the same area as Alarcon after his release, she did not allege that he contacted her or that she required police assistance at any point after his initial arrest. Therefore, despite country conditions evidence that Guatemala faces challenges in addressing domestic violence, this record does not compel a conclusion that Guatemalan authorities were or are "helpless" to protect Alarcon.

4

*Singh*, 11 F.4th at 114–15.   Because this finding is dispositive of asylum and withholding of removal, we do not reach Alarcon's challenges to the agency's alternate determination that she failed to establish a nexus to a protected ground. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").   Alarcon has not challenged the agency's denial of her CAT claim.

For the foregoing reasons, the petition for review is DENIED.   All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
